FIRST STATE BANK OF HOLLAND v. MILLS et al.   (No. 5650.)

(Court of Civil Appeals of Texas. Austin. May 24, 1916.)

BANKS AND BANKING  ⧢154(9)—DEPOSITS— ACTION—QUESTION FOR JURY.

In an action by depositor to recover the amount of alleged deposit on evidence that depositor did not object to charging back the deposit to him when not collected, but agreed to it, and executed notes for overdrafts made necessary by such charging back, and that the bank relied, to its injury, on such recognition of its right to charge back, the question of his estoppel was one for the jury.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 530–533; Dec. Dig. ⧢ 154(9).]

Appeal from Bell County Court; W. S. Shipp, Judge.

Consolidated actions by W. A. Mills and another against the First State Bank of Holland, and by said bank against W. A. Mills and another. From a judgment for W. A. Mills and another, the bank appeals. Reversed and remanded.

Stanton Allen, of Bartlett, for appellant.

JENKINS, J. On December 12, 1913, appellant issued to appellee W. A. Mills a deposit certificate for $450.84, against which account appellee drew $50. This deposit certificate was issued under the following circumstances: Appellee presented to appellant a cotton ticket from the public weigher of Holland, showing that he had sold to one Paul Miller seven bales of cotton at 12 cents per pound, amounting in the aggregate to $450.84. Paul Miller was then engaged in buying cotton in the town of Holland, and appellant was advancing the money to pay for the same upon presentation of cotton tickets of the character named. On December 16, 1913, Paul Miller, upon examining his account with the bank, was shown said cotton ticket, and denied that he had purchased said cotton at 12 cents a pound, but that he had agreed to pay for the same only 11 cents a pound, and refused to accept said cotton. Thereupon appellant's cashier notified appellee W. A. Mills that Paul Miller refused to accept the cotton, and that he had charged back the $450.84, and inclosed the cotton ticket to W. A. Mills. It appears that Mills was doing business with the bank, and, including the $50 which he had drawn on the cotton, he had on March 7, 1914, an overdraft of $97.03. On that day he executed to the bank his note for $131.25 to cover said overdraft and an additional amount of money that day borrowed by him from the bank, he understanding that such was the purpose for which this note was executed. Subsequently he borrowed money from the bank and executed other notes. Appellant brought suit against appellee on said notes, and said suit was consolidated with appellees' suit against the bank to recover the amount of said deposits.

Upon the trial of this case the court peremptorily instructed the jury to return a verdict for appellee for the amount of said deposit, with interest thereon from the date thereof, and to return a verdict for appellant for the notes sued on, with interest, according to their face and tenor. The jury returned a verdict in accordance with said instructions, the difference between said amounts being in favor of appellee for the sum of $188.50. Appellant duly excepted to said charge for the reason that the evidence raised the issue of estoppel as against the appellee to claim from appellant the amount of said deposit.

The appellant alleged in its answer that appellee was estopped by reason of the fact that he never notified the bank that he objected to the amount of said deposit being charged off, as above stated; but, on the contrary, at the time of executing the first note mentioned, agreed that he was indebted to appellant by reason of the transaction stated; and also on several occasions stated to the bank that he did not hold the bank liable by reason of said transaction, and that, had he made any claim against the bank for said deposit, it could and would have protected itself by making some disposition of the cotton, but that said ticket was returned to appellee, and that said cotton has continued to be his property, and that he has allowed the same to rot and become wholly worthless. The appellant reserved the following bill of exceptions:

"Be it remembered that upon the trial of the above numbered and entitled cause, in this court on the 29th day of June, 1915, after all of the evidence had been heard, and both plaintiffs and defendants had rested their cases, and after the witnesses V. E. H. Reed, Jr., and Dr. V. E. H. Reed, testifying for the defendant, First State Bank of Holland, had both testified that the plaintiff W. A. Mills had stated to them in the spring of 1914 that he, W. A. Mills, did not intend to hold said bank liable to pay him the amount of the $450.84 deposit, and after the said W. A. Mills testified that he executed his note to said bank for $131.25 on March 7, 1914, in part to cover an overdraft claimed by the bank to be owing to it on the Payne Mills account, and after Dr. V. E. H. Reed testified that he called upon W. A. Mills in the spring of 1914 to tell him whether he intended to claim the amount of said deposit against the bank so that the bank might protect itself with said cotton, and then receiving the assurance from W. A. Mills that he did not intend to hold the bank for the amount of said deposit, the court gave in charge to the jury, as his only charge in this case, the following charge, to wit (giving style of the case):

"Gentlemen of the Jury: In this case you are instructed to find for the plaintiff the sum shown by deposit in First State Bank of Holland to plaintiff W. A. Mills et al. in the amount of $450.84, with interest thereon at 6 per cent. from December 12, 1913. You are further instructed to find for the defendant, First State Bank of Holland, for the full amount of the notes herein sued upon, together with 10 per

⧢For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cent. interest thereon and for 10 per cent. attorney's fees thereon.

"W. S. Shipp, County Judge.

"To which action of the court in peremptorily charging the jury to find for plaintiffs for the amount of the $450.84 deposit, the defendant then and there in open court excepted, because the evidence as hereinabove stated and as shown in the statement of facts clearly raises an issue of estoppel and waiver as against plaintiffs' right to recover said sum of defendants, and such issues should have been submitted to the jury, and because the evidence in this cause was not of such a conclusive nature as to justify the judge in giving the jury a peremptory charge to find in favor of plaintiffs; and the defendant here now in open court tenders this its bill of exceptions, and prays that the same may be examined, signed, and approved by the court, and ordered filed as a part of the record in this cause."

One of the Reeds mentioned was president, and the other was cashier, of the bank.

The statement of facts sustains the statements made in said bill of exceptions. The evidence in the case was sufficient to raise the issue of estoppel, and the court erred in peremptorily instructing the jury to find for the appellee any amount by reason of said certificate of deposit.

The judgment of the trial court is reversed, and the cause is remanded for a new trial in accordance with this opinion.

Reversed and remanded.